## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

J&K PRODUCTIONS,
LLC d/b/a CIRCUS
KIRKUS, 8681 NW 17th
Court, Pembroke Pines,
FL 33024

            Plaintiff,

    v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

            Defendants.

Civil Action No. _____

## COMPLAINT

Plaintiff J&K Productions, LLC d/b/a Circus Kirkus ("J&K") by and through counsel, alleges and states as follows:

### INTRODUCTION

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and

Administrator Casillas Guzman.

3.      Plaintiff J&K demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied J&K's application and its appeal, without giving a reason for either denial.

4.      The COVID-19 pandemic has had a uniquely devastating impact on J&K, forcing it to close down in March 2020 shortly after its first show on January 27, 2020. J&K incurred a great amount of expense getting its circus off the ground and running only to have the pandemic force it to close down just six weeks after its opening, resulting in a significant financial burden. J&K is currently open and operating again, but its unique situation of opening so close to when pandemic closures occurred has made any kind of financial assistance difficult to receive.  J&K needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like J&K recover from the major setbacks they have experienced because of the pandemic.

5.      SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though J&K demonstrated that it is an eligible live performing arts organization operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of J&K's application.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7.      Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8.       This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

9.      Plaintiff J&K is a tented circus show that creates, produces, performs and presents a live performance called "Circus Kirkus" that satisfies all the requirements as a live performing arts organization operator. Circus Kirkus is a grand, comedy-driven theatrical circus experience inside an intimate European circus tent. The act features aerialists, interactive comedy, jugglers, acrobats and more, creating a show that is family friendly and great for kids and adults alike.

<u>CIRCUS KIRKUS</u>





3



10.     Defendant Small Business Administration is an independent agency of the federal government.  The SBA's mission is to help Americans start, build and grow businesses.

11.     Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations.  Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

### A.  Shuttered Venue Operators Grant Program

12.     The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No.117-2 § 5005(a).

13.     SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

4

14.    An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019.  15 U.S.C. § 9009a(c).

15.    Eligible businesses with 2021 first quarter revenues of no more than 30 percent of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees.  Supplemental awards can be used for costs incurred through June 30, 2022.  15 U.S.C. § 9009a(d)(1)(A)(i).

16.    Eligible entities under the Act include live performing arts organization operators, as well as theatrical producers, live venue operators and promoters, museum operators, motion picture theatre operators, and talent representatives.  15 U.S.C. § 9009a(a)(1)(A).

17.    In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25 percent reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

18.    The Act defines live performing arts organization operator to include an entity that as a principal business activity organizes, promotes, produces or hosts live concerts or "events by performing artists" for which there is a ticketed cover charge, performers are paid in an amount set

by sales or agreement,and not less than 70 percent of revenue is generated through ticket sales or event beverages, foodor merchandise.  15 U.S.C. § 9009a(a)(3)(A)(i).

19.    The Act specifies that for a live performing arts organization operator (as well as a live venue promoter, theatrical producer, or live venue operator) to be eligible, it must have additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media.  15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.  J&K's SVOG Application and the SBA's Denial**

20.    J&K applied for a SVOG award of $183,390.54.

21.    In its application, J&K demonstrated that it satisfied the criteria for eligibility as a live performing arts organization operator.  J&K demonstrated that its losses in 2020 exceeded the 25 percent statutory threshold by submitting its tax returns for 2019 and 2020.  J&K also submitted, among other things: all the necessary and standard supporting items, documents, and required attachments. J&K also provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

22.    J&K learned from the SBA's portal that its application was denied. The portal's denial notice gave no explanation of the reason why the SBA found J&K ineligible.

23.    J&K then submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, J&K's appeal elaborated on why it satisfies all of the criteria for eligibility as a live performing arts organization operator. J&K explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG

award and each of the specific eligibility requirements for live performing arts organization operators. J&K's supporting documentation included: its quarterly income statements for 2019, 2020, and 2021; 2019 and 2020 tax returns; advertising and marketing materials; contracts with live performing artists; box office records reflecting cover charges and ticket sales; verification statement reflecting engagement of a sound engineer, stage manager, security personnel, box office manager, and promoter; photographs a n d floorplans demonstrating its defined performance space, audience space, sound mixing equipment, public address system, and lighting rig; records reflecting its periods of operation; links to website and social media pages; and other documentation.

24. The SBA notified J&K that its appeal was denied. As with the denial of J&K's application, the SBA gave no reason for denying the appeal.

25. The SBA's denial of J&K's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

26. The courts recognize a strong presumption favoring judicial review of administrative action.

27. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

28. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

29. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

30. The SBA is an "agency" whose final actions are reviewable under the APA.

### COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

31. J&K realleges and incorporates by reference each of the preceding paragraphs and allegations.

32. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying J&K's application, nor did it provide any specific reasons when it denied J&K's appeal.

33. Indeed, the SBA's decision on J&K's application conflicts with the evidence of J&K's eligibility that it presented to SBA in its application and in its appeal.

34. For each of these reasons, the SBA's denial of J&K's SVOG award request is arbitrary and capricious.

### COUNT II - AGENCY ACTION CONTRARY TO LAW

35. J&K realleges and incorporates by reference each of the preceding paragraphs and allegations.

36. J&K meets the Act's definition of a live performing arts organization operator and satisfies the Act's general eligibility criteria for a SVOG award.

37. The SBA's denial of J&K's SVOG award request therefore violated the Act and is contrary to law.

### COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

38. J&K realleges and incorporates by reference each of the preceding paragraphs and allegations.

39. The SBA's denial of J&K's SVOG award request is supported by no evidence in the record, let alone substantial evidence. J&K's application and appeal presented evidence that demonstrates J&K is eligible for a SVOG award.

8

40.    The SBA's denial of J&K's SVOG award request is thus unsupported by substantial evidence.

## PRAYER FOR RELIEF

For the foregoing reasons, J&K respectfully requests that this Court:

1.    Declare unlawful and set aside Defendants' denial of J&K's SVOG award request.

2.    Preliminarily and permanently order Defendants to consider J&K's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3.    Preliminarily and permanently order Defendants to award J&K $183,390.54 in SVOG funds.

4.    Preliminarily and permanently order Defendants to grant J&K a supplemental SVOG award of $91,695.27.

5.    Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6.    Award Plaintiffs their costs and reasonable attorney fees; and

7.    Grant such other and further relief as the Court deems just and proper.

Dated: December 9, 2021         Respectfully submitted,


/s/  *Jeffrey E. McFadden*
Jeffrey E. McFadden
D.C. Bar No 434234
LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
312 Prospect Bay Drive E
Gransonville, MD 21638-1181
410-490-1163
jmcfadden@jmcfaddenlaw.com

Tyler W. Hudson
D.C. Bar No. 485971
Eric D. Barton (*pro hac vice* application to be filed)
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Suite 300
Kansas City, MO 64112
816-701-1100
thudson@wcllp.com
ebarton@wcllp.com

Matthew S. Mokwa
Fla. Bar No. 47761
(*pro hac vice* application to be filed)
THE MAHER LAW FIRM, PA
271 West Canton Ave., Suite 1
Winter Park, FL 32789
407-839-0866
mmokwa@maherlawfirm.com

**Counsel for J&K Productions, LLC d/b/a Circus Kirkus**

10