**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

J&K PRODUCTIONS, LLC, d/b/a CIRCUS KIRKUS,

   *Plaintiff*,

  v.

SMALL BUSINESS ADMINISTRATION, *et al.*,

   *Defendants*.

Civil Action No. 21-3227 (RDM)

**MEMORANDUM OPINION AND ORDER**

On December 9, 2021, Plaintiff brought this action against the Small Business

Administration ("SBA") and its Administrator, Isabella Casillas Guzman, alleging that the SBA

arbitrarily and capriciously denied Plaintiff's application for grant money under the Shuttered

Venue Operators Grant program.  Dkt. 1.  That same day, Plaintiff filed a notice of related case,

in which it asserts that this action is related to two other civil actions, *Little Circus that Could,*

*LLC v. Small Business Administration*, No. 21-cv-2942 (D.D.C. filed Nov. 11, 2021), and

*Rhizome Productions, Inc. v. Small Business Administration*, No. 21-cv-3037 (D.D.C. filed Nov.

16, 2021), Dkt. 2.[1]  On February 15, 2022, Defendants appeared in this case and opposed

Plaintiff's notice of related case, arguing that the cases do not satisfy the related-cases standard

under Local Rule 40.5.  Dkt. 10.  In light of that filing, the Court ordered Plaintiff to submit a

reply to Defendants' opposition, which Plaintiff did on February 22, 2022.  Dkt. 11.  Upon

---

[1] On February 11, 2022, the Court dismissed Civil Action No. 21-2942 with prejudice in light of the parties' stipulation of dismissal.  Minute Order, *Little Circus that Could, LLC v. Small Business Admin.*, No. 21-cv-2942 (D.D.C. Feb. 11, 2022).

consideration of the parties' submission, the Court concludes that the designation of this case as

related was erroneous and that the case must therefore be returned to the Calendar and Case

Management Committee for random reassignment.

"The general rule governing all new cases filed in this courthouse is that they are to be

randomly assigned." *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000).

That rule exists for a reason: "The fundamental rationale for the general rule requiring random

assignment of cases is to ensure greater public confidence in the integrity of the judicial process.

The rule guarantees fair and equal distribution of cases to all judges, avoids public perception or

appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Id.*; *see*

*also Dakota Rural Action v. USDA*, No. 18-cv-2852, 2019 WL 1440134, at *1 (D.D.C. Apr. 1,

2019) ("[R]andom assignment of cases is essential to the public's confidence in an impartial

judiciary.").

On rare occasion, however, a new case is properly assigned to a specific judge as related

to a prior case. *See Doe v. Von Eschenbach*, No. 06-cv-2131, 2007 WL 1655881, at *1 (D.D.C.

June 7, 2007). As relevant here, Local Civil Rule 40.5(a)(3) provides that two or more cases are

related if "the earliest is still pending on the merits in the District Court and they (i) relate to

common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or

transaction or (iv) involve the validity or infringement of the same patent." The burden of

showing relatedness rests with the party seeking to invoke the exception. *See Trump v. Comm.*

*on Ways & Means*, No. 19-cv-2173, 2019 WL 3388537, at *1 (D.D.C. July 25, 2019).

In its notice of related cases, Plaintiff indicated that this action is related to Civil Action

No. 21-3037 and Civil Action No. 21-2942 because the three cases involve common issues of

fact. Dkt. 2 at 1. In its reply, Plaintiff adds two further grounds: that the cases grow out of the

same event or transaction and relate to the common property.  Dkt. 11 at 4.  For the following

reasons, the Court is unpersuaded.

First, the three cases Plaintiff identifies do not involve common issues of fact.  To be

sure, all three actions assert a similar claim: that the SBA arbitrarily and capriciously denied the

plaintiffs' applications for Shuttered Venue Operator Grants based on insufficient reasoning.

But cases are related when they involve common issues of *fact*—not common issues of *law*—and

Plaintiff has not identified sufficient factual overlap to support a finding of relatedness.  To the

contrary, each case will require the Court to examine a separate administrative record, and each

business applied separately for a Shuttered Venue Operator Grant, provided distinct documents

that disclosed information unique to each business, and requested separate awards.  Dkt. 1 at 6

(Compl. ¶¶ 20–21); *Little Circus that Could, LLC*, No. 21-cv-2942, Dkt. 1 at 5–6 (Compl. ¶ 22);

*Rhizome Productions, Inc.*, No. 21-cv-3037, Dkt. 1 at 5 (Compl. ¶¶ 20–21).  Nor is the Court

persuaded by Plaintiff's contention that all three cases raise a common issue of fact because they

each involve "Defendants' administration of the SVOG program."  Dkt. 11 at 6.  To the contrary,

in each case, only the SBA's denial of the individual plaintiff's grant application is at issue, not

the SBA's administration of the program in a general sense.  At bottom, the only *factual*

commonalities between the three cases are that each plaintiff followed similar steps in applying

for Shuttered Venue Operator Grants, the SBA followed a similar internal process when

(separately) reviewing the plaintiffs' applications, and each plaintiff (separately) had their

application denied.  Those connections are too tenuous to establish relatedness under Local Rule

40.5(a)(3).

For similar reasons, these cases do not grow out of the same transaction or event.  To be

sure, each plaintiff's claim is, in an ontological sense, ultimately traceable to Congress's

3

appropriation of funds to the Shuttered Venue Operator Grant program; if Congress had not

established the program, then the plaintiffs would not have a claim.  But none of the three cases

before the Court challenges the lawfulness of Congress's appropriation.  Rather, each plaintiff

challenges only the SBA's final agency action denying its grant application.  Those distinct

denials are not "the same event or transaction."

That brings the Court to Plaintiff's third argument: that the cases "relate to common

property" because they all concern the SBA's administration of Congress's $16.25 billion dollar

appropriation to the Shuttered Venue Operators Grant program.  Dkt. 11 at 5; *see* Consolidated

Appropriations Act, Pub. L. No. 116-260, § 323(d)(1)(h), 134 Stat. 1182, 2021 (2020); American

Rescue Plan Act of 2021, Pub. L. No. 117-2, § 5005(a), 135 Stat. 4, 91.  Although the Court is

unaware of any precedent (and the parties have pointed to none) that interprets the phrase

"common property" for the purposes of Local Rule 40.5(a)(3), the Court is convinced that the

circumstances of this case fall outside the intended reach of that term.

As an initial matter, it is far from clear that an appropriation by Congress is the kind of

"common property" contemplated by Local Rule 40.5(a)(3), such that all cases concerning an

agency's administration of a lump-sum appropriation might be related.  Particularly in this

district, which receives a high volume of cases that relate, in one way or another, to

congressional appropriations, such a reading would result in the narrow related-cases exception

swallowing the general presumption in favor of random assignment.  Congressional

appropriations, moreover, are not "property" in a sense that they are susceptible to proceedings

*in rem*.

Even setting that consideration aside, however, Plaintiff's argument fails for other

reasons.  Most notably, this is not a situation where the Court has exercised *in rem* jurisdiction

over a single piece of property that is the subject of other lawsuits pending in this district.  Nor does the property at issue possess complicated or technical characteristics such that judicial economy would be furthered by having one judge become familiar with the property.  And this is not a situation where a decision by one judge concerning a single piece of property might alter the factual background that a different judge must examine to issue a decision concerning that same property.

The Court further observes that, although they are not precisely the same, Local Rule 40.5(a)(3)'s "common property" exception sounds in similar considerations to Federal Rules of Civil Procedure 19(a) and 22(a).  Those rules provide for multiple litigants to be joined into a single action when claims by or against a single party, if tried separately, might subject that party to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."  Fed. R. Civ. P. 19(a)(1)(B)(ii); *see also* Fed. R. Civ. P. 22(a)(1) (providing for joinder of defendants into one action if a plaintiff faces exposure "to double or multiple liability" from the defendants' claims).  The cases presently before the Court do not implicate analogous concerns.  Because the plaintiffs' claims in these cases arise under the Administrative Procedure Act ("APA"), the issue before the Court is whether the SBA acted arbitrarily or capriciously when it denied each plaintiff's application.  If the agency's decision was unlawful, then the proper remedy under the APA will be to remand the case to the agency for further consideration.  *See* 5 U.S.C. § 706(2).  Significantly, it is not the Court's role to decide, in the first instance, whether any plaintiffs are entitled to grant money under the Shuttered Venue Operators Grant program, how much money they are entitled to, or which (if any) plaintiffs are more deserving than others.

For similar reasons, the Court is unpersuaded by Plaintiff's assertion that all Shuttered Venue Operator Grant claims are related to one another because there is a risk that the SBA

might exhaust Congress's appropriation before all Shuttered Venue Operator Grant claims can be adjudicated.  Dkt. 11 at 5.  The related cases rule is a narrow exception intended to further "judicial economy," *Tripp*, 196 F.R.D. at 202; it is not intended to empower a single district judge to allocate scarce resources in the absence of a statutory directive to do so.  This is not a case in which a statute or rule, for example, set standards for privileging one claimant over others or empowers the courts to decide how much any particular claimant should receive.  Nor is there any reason to believe that a single judge of this Court is better situated than the Court as a whole to resolve expeditiously the numerous pending cases or to decide whether particular cases should receive expedited treatment.

Finally, the Court observes that Plaintiff's counsel has only noted as related those cases which he himself has filed, even though many other cases involving similar legal claims are pending before different judges on this Court.  Under Plaintiff's theory of relatedness, Plaintiff should have filed this action as related to *Sokol World Entertainment v. Small Business Administration*, No. 21-2385 (D.D.C filed Sept. 9, 2021), which is pending before Judge Chutkan and which appears to have been the lowest-numbered challenge to a Shuttered Venue Operators Grant decision pending in this Court when Plaintiff filed this action.  *See* Dkt. 10 at 8 (listing cases).  None of the purposes of related-case treatment that Plaintiff's counsel proffers is served by having a single judge adjudicate only those cases filed by a particular lawyer.

For these reasons, the Court concludes that this case and Civil Action Nos. 21-2942 and 21-3037 are not related.  It is, accordingly, **ORDERED** that the Clerk of Court shall return this case to the Calendar and Case Management Committee for random reassignment.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 9, 2022